## IN THE MATTER OF RICHARD C. BRUNT.

[No. 373S43. Filed March 18, 1974.]

*Duge Butler, Jr.,* of Indianapolis, for respondent.

*John B. Ramming,* Executive Secretary, Indiana Disciplinary Commission, *David V. Scott,* Assistant Counsel, for Disciplinary Commission.

ARTERBURN, C.J.—This proceeding was instituted by the filing on March 12, 1973, by the Executive Secretary of the Disciplinary Commission of the Supreme Court of a Verified Complaint for Disciplinary Action against Respondent. On May 3, 1973, the Disciplinary Commission filed the First Amended Verified Complaint. Respondent filed an Answer to

that First Amended Verified Complaint and a hearing was held on August 6, 1973. The Hearing Officer, the Honorable George B. Davis, made the following Special Findings of Fact and Recommendations:

1. That the Respondent, Richard C. Brunt, was admitted to the Bar of the State of Indiana on September 14, 1960, and now maintains an office for the practice of law in the City of Indianapolis, Marion County, Indiana.

2. A. That said Respondent, Richard C. Brunt, was attorney for Eleanor L. Storey; that in his capacity as attorney, Respondent agreed to file a bankruptcy for Eleanor Storey and accepted fees of Three Hundred and Fifty Dollars ($350.00) for filing bankruptcy, but Respondent failed to file any bankruptcy petition; that such conduct by Respondent is the neglect of a legal matter entrusted to him and a failure to perform an employment contract in violation of Canon 30, Canon 15, and Canon 44 of the *Canons of Professional Ethics* of the American Bar Association, and corresponding D. R. 6-101(A)(3) and D. R. 7-101(A)(2), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971)

B. That Respondent not only failed to file a bankruptcy petition for Eleanor Storey, but Respondent also failed to communicate with Eleanor Storey and failed to refund fees paid for services that were not performed until the day of the hearing in this case, at which time he did refund said fees, that such conduct violates Canon 15, Canon 11, Canon 30, and Canon 44 of the *Canons of Professional Ethics* of the American Bar Association and corresponding D. R. 7-102(B)(4), and D. R. 7-101(A)(2) and (3), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

C. That Respondent, Richard C. Brunt, is not a fit and proper person to practice law in the State of Indiana for the reasons set forth in rhetorical paragraphs A and B, above.

3. A. That said Respondent, Richard C. Brunt, was attorney for Gregory D. Zike; that in his capacity as attorney, Respondent agreed to file the necessary documents to organize a new corporation for Mr. Zike and accepted a payment for fees of Two Hundred and Fifty Dollars ($250.00) on September 16, 1970, however, Respondent failed to file any documents for incorporation; that such conduct by Respondent is the neglect of a legal matter entrusted to him and a failure to perform a professional employment contract in violation of Canon 15, Canon 30, and Canon 44 of the *Canons of Professional Ethics* of the American Bar Association and corresponding D. R. 6-101(A)(3), and D. R. 7-101(A)(2), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

B. That Respondent not only failed to file documents of incorporation for Mr. Zike, but Respondent also failed to communicate with Mr. Zike and failed to refund fees for services that were not performed, until the day of the hearing of this case at which time said fees were refunded, that such conduct violates Canon 11, Canon 30, and Canon 44 of the *Canons of Professional Ethics* of the American Bar Association, and corresponding D. R. 9-102(B)(4), and D. R. 7-101 (A)(2) and (3), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp, 1971).

C. That Respondent, Richard C. Brunt, is not a fit and proper person to practice law in the State of Indiana for the reasons set forth in rhetorical paragraphs A and B, above.

4. A. That said Respondent, Richard C. Brunt, was attorney for Lanora K. Lawson; that in his capacity as attorney, Respondent on or about October 21, 1971 agreed to file a divorce for Mrs. Lawson and accepted Fifty Dollars ($50.00) for filing fees, however, Respondent failed to file Mrs. Lawson's divorce; that such conduct by Respondent is the neglect of a legal matter entrusted to him and a failure to perform a professional employment contract in violation of D. R. 6-101 (A)(3) and D. R. 7-101(A)(2), *Code of Professional Re-*

*sponsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

B.  That Respondent informed Mrs. Lawson that her petition for divorce had been filed when in fact no such petition had been filed; that such conduct by Respondent involves dishonesty and misrepresentation in violation of D. R. 1-102 (A) (4), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

C.  That Respondent subsequently failed to communicate with Mrs. Lawson and failed to return money entrusted to him for filing purposes but not used for filing purposes until the day of the hearing in this case, at which time he did refund said fees, that such conduct by Respondent violates D. R. 9-102(A) and (B) and D. R. 7-101(A) (2) and (3), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

D.  That Respondent, Richard C. Brunt, is not a fit and proper person to practice law in the State of Indiana for the reasons set forth in rhetorical paragraphs A through C, above.

5. A.  That the said Respondent, Richard C. Brunt, was attorney for Emma J. Broadstreet; that in his capacity as attorney, on or about June 29, 1971, Respondent agreed to represent Mrs. Broadstreet in a divorce and accepted Twenty-Five dollars ($25.00) from Mrs. Broadstreet; that the Respondent filed the divorce petition and a preliminary hearing was held; that subsequent thereto, Respondent failed to attempt to have the temporary support order enforced or to get a final decree; that such conduct by the Respondent is the neglect of a legal matter entrusted to him and a failure to perform a professional employment contract is violation of D. R. 6-101(A) (3) and D. R. 7-101(A) (2), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

B.  That Respondent subsequently failed to communicate with Mrs. Broadstreet and failed to return fees paid for

services that were not performed until the day of the hearing of this case at which time said fees were refunded, that such conduct by Respondent violates D. R. 9-102(B)(4) and D. R. 7-101(A)(2) and (3) *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

6. A. That said Respondent, Richard C. Brunt, was attorney for Gary L. Henry; that in his capacity as attorney, Respondent agreed to represent Mr. Henry in a traffic violation matter and accepted fees of Fifty Dollars ($50.00), however, Respondent failed to appear with Mr. Henry in court; that such conduct by Respondent is the neglect of a legal matter entrusted to him and a failure to perform a professional employment agreement in violation of D. R. 6-101(A)(3) and D. R. 7-101(A)(2), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

B. That Respondent advised his client, Mr. Henry, not to appear in court when summoned; that Mr. Henry was subsequently arrested for failure to appear; that such conduct by Respondent was prejudicial to his client and the administration of justice in violation of D. R. 1-102(A)(5) and (6), and also D. R. 7-101(A)(1), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

C. That Respondent agreed to represent Mr. Henry, however, Respondent never appeared in court with Mr. Henry, nor did he give any notice of withdrawal from employment; that Respondent retained the Fifty Dollar ($50.00) fee for professional employment without performing under the attorney-client agreement, until the day of the hearing of this case at which time said fees were refunded, that such conduct violates D. R. 9-102(B)(4), and D. R. 7-101(A)(2) and (3), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

D. That Respondent, Richard C. Brunt, is not a fit and proper person to practice law in the State of Indiana for the reasons set forth in rhetorical paragraphs A through C, above.

7. A. That Respondent, Richard C. Brunt, was attorney for Dennis L. Edwards; that in his capacity as attorney, Respondent agreed to handle a traffic violation on behalf of Mr. Edwards and accepted fees of Thirty-Five Dollars ($35.00) on or about September 1, 1970; that Respondent failed to appear in court on behalf of Mr. Edwards; that such conduct by Respondent is the neglect of a legal matter entrusted to him and a failure to perform a professional employment agreement in violation of D. R. 6-101(A)(3) and D. R. 7-101(A)(2), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

B. That Respondent agreed to represent Mr. Edwards, however, Cause NO. 2-12920 in Speedway Magistrate Court shows that no attorney filed an appearance on behalf of Mr. Edwards, and subsequently his motor vehicle operator's license was suspended; that Respondent's conduct was the neglect of a legal matter and prejudicial to his client and the administration of justice in violation of D. R. 1-102(A) and (5) and (6) and also D. R. 7-101(A)(1), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

C. That Respondent agreed to represent Mr. Edwards however, Respondent never appeared in court on behalf of Mr. Edwards, failed to communicate with Mr. Edwards, failed to give him any notice of withdrawal from employment, and failed to refund fees paid for services which were not performed, until the day of the hearing of this case at which time said fees were refunded, that such conduct violates Canon 11, Canon 15, Canon 30, and Canon 44 of the *Canons of Professional Ethics* of the American Bar Association and corresponding D. R. 9-102(B)(4) and D. R. 7-101(A)(2) and (3), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

D. That Respondent, Richard C. Brunt, is not a fit and proper person to practice law in the State of Indiana for the reasons set forth in rhetorical paragraphs A through C, above.

8. A. That said Respondent, Richard C. Brunt, was attorney for Johnny R. Tinsley; that in his capacity as attorney, Respondent agreed to file a divorce for Mr. Tinsley and accepted Two Hundred and Fifty Dollars ($250.00) in attorneys fees and Twenty-Six Dollars ($26.00) in filing fees, however, Respondent failed to file Mr. Tinsley's divorce; that such conduct by Respondent is the neglect of a legal matter entrusted to him and a failure to perform a contract for professional employment in violation of D. R. 6-101 (A) (3) and D. R. 7-101 (A) (2), *Code of Professional Responsibility for Attorneys At Law*, Ind. Ann. Stat. (Special Supp. 1971).

B. That Respondent informed Mr. Tinsley to appear in court with two witnesses and to be prepared for a divorce hearing, however, Respondent did not appear in court with Mr. Tinsley and in fact no petition for divorce had been filed; that such conduct by Respondent involves dishonesty and misrepresentation in violation of D. R. 1-102 (A) (4), *Code of Professional Responsibility for Attorneys At Law*, Ind. Ann. Stat. (Special Supp. 1971).

C. That Respondent subsequently failed to return unearned attorneys fees and money entrusted to him for filing fees, until the day of the hearing of this case at which time said fees were refunded, that such conduct violates D. R. 7-101 (A) (2) and (3) and D. R. 9-102 (A) and (B), *Code of Professional Responsibility for Attorneys at Law*, Ind. Ann. Stat. (Special Supp. 1971).

9. That the said Respondent, Richard C. Brunt, has demonstrated a pattern of conduct in violation of the *Canons of Professional Ethics of the American Bar Association* and the Disciplinary Rules of the *Code of Professional Responsibility for Attorneys at Law*, Ind. Ann. Stat. (Special Supp. 1971); that Respondent's neglect of legal matters and misconduct when assuming professional responsibility has frequently resulted in prejudice to the rights of his clients; that such conduct is inimical to the administration of justice and warrants disciplinary action.

10. That the Respondent, Richard C. Brunt, for the reasons set forth in the above enumerated paragraphs, should be disbarred from the practice of law in the State of Indiana, that his name should be stricken from the Roll of Attorneys duly authorized to practice in this State, and that he should pay to the Clerk of the Supreme Court the expenses incurred in the course of the investigation and prosecution of this matter.

The Respondent has filed a Petition for Review and the Disciplinary Commission has filed a Motion to Dismiss same. The Motion to Dismiss is overruled and the Petition for Review is granted. The Court having examined the briefs of the Disciplinary Commission and the Respondent and having heard oral argument now approves the Findings of Fact as found by the Hearing Officer and finds that the Respondent, Richard C. Brunt, should be, and he is, suspended from the practice of law in this state for a period of two (2) years from the date of this order, and until duly reinstated as a member of the profession in good standing in accordance with the Rules of this Court. Costs of this proceeding to be paid by the Respondent.

DeBruler, J. and Prentice, J., concur; Hunter, J., concurring in part and dissenting in part with opinion in which Givan, J., concurs.

OPINION CONCURRING IN PART, DISSENTING IN PART

HUNTER, J.—I concur with the majority of the Court only to this extent: I agree that the respondent should be suspended; however, on the facts and circumstances in this case, including restitution made by the respondent to each of the complaining parties who were also witnesses, I believe the suspension should be for one (1) year only. I would iterate that the ever-present imminence of disciplinary action by the commission of this Court has a far more salutary effect upon members of the bar of this state, than the severity of penalty

imposed, and is entirely in keeping with the objective of our disciplinary rules and commission for protection of the public.

Givan, J., concurs.

NOTE.—Reported in 308 N. E. 2d 391.