**In the Matter of Richard C. BRUNT.**

**No. 280S50.**

Supreme Court of Indiana.

July 5, 1983.

Michael Riley, Rensselaer, for respondent.

Don R. Muller, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

### PER CURIAM.

This proceeding is before the Court on a three-count complaint filed pursuant to Admission and Discipline Rule 23, Section 12. In accordance with the procedure set forth under Admission and Discipline Rule 23, a Hearing Officer was appointed, a hearing was conducted and findings of fact have been tendered to this Court by the Hearing Officer. Respondent petitions for review of these findings.

Count II was dismissed by the Disciplinary Commission prior to hearing and, under Count III of the Verified Complaint, the Hearing Officer found that there was insufficient evidence of misconduct to support a violation as charged. Adopting as our own the Hearing Officers findings under Counts II and III, we now accordingly find that such counts should be and hereby are dismissed.

Under Count I of the complaint filed under this cause, the Respondent is charged with neglecting a legal matter entrusted to him and failing to carry out a contract of employment in violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(2), respectively.

Having examined and considered all matters which have been presented to the Court, we now find that on or about September 25, 1978, Respondent was employed to represent a client who was placed in jail on charges of driving while intoxicated, public intoxication, driving without an operator's license and battery. The Respondent was paid for his anticipated professional services. No action was taken by the Respondent to assist this client. When contacted by the client's mother, Respondent stated that he had confused this client with another for whom he had obtained a release from juvenile authorities; still, no action was taken by the Respondent to assist this client. Another attorney was employed and when the Respondent failed to appear on October 23, 1978, at a hearing scheduled for this client, the second attorney assumed representation gaining a release from custody for this client.

In view of the above consideration we now find that the Respondent neglected a legal matter entrusted to him and failed to carry out his contract of professional employment in violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(2) of the *Code of Professional Responsibility.*

In his petition for review, Respondent comments that this incident was no more than an oversight in a hectic practice and a frenzied procedure in Marion County involving misdemeanors. This may be true, but these circumstances are of little significance to a client sitting in jail waiting for professional assistance which never arrived.

It appears to this Court that Respondent's inaction was more than an unfortunate oversight. There is no evidence to suggest that Respondent did any affirmative acts to assist this client after being placed on notice that he was languishing in jail. The Respondent did not appear at the scheduled preliminary hearing. This client suffered by reason of the Respondent's inaction, not because of the existence of external factors.

Respondent has failed his client and by such conduct failed the legal profession. Unfortunately, this is not an isolated act in Respondent's professional career. In 1974 the Respondent was suspended from the practice of law for a period of two years. *In re Brunt,* (1974) 261 Ind. 596, 308 N.E.2d 391. The misconduct shown under the verified complaint filed in the present cause occurred after he was reinstated. This has been considered in our determination of an appropriate sanction.

In light of the above considerations, it is therefore ordered that, by reason of the violations of the *Code of Professional Responsibility* found under Count I of the Verified Complaint filed in this cause, the Respondent be and he hereby is suspended

from the practice of law for a period of ninety (90) days beginning August 1, 1983.

Costs of this proceeding are assessed against the Respondent.